UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BAYRON GUILLERMO CALEL GUALIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00208-CMS |
| | ) | |
| GARY STOLZER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Bayron Guillermo Calel Gualim's, by and through his next friend Jose Hipolito Clavel Vargas, Petition for Writ of Habeas Corpus (Doc. 1), Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2), and Motion for Appointment of Next Friend (Doc. 3).

Petitioner, a citizen of Guatemala, entered the United States illegally at an unknown time. (Doc. 6-1 at 1–2).[1] He is currently detained awaiting removal proceedings. (Doc. 1 at 3). Because Petitioner's detention pursuant to 8 U.S.C. § 1225[2] does not violate his right to due process, the Petition for a Writ of Habeas Corpus and the Motion for Appointment of Next Friend are **DENIED**. The Motion for Leave to Proceed *in Forma Pauperis* is **GRANTED**.

[1] Petitioner does not include this information in his Petition, but Respondents have provided such information in their Response and Petitioner has not disputed it.

[2] Petitioner requests an order requiring Respondents to show cause why his Petition should not be granted. But the documents provided by Respondents indicate Petitioner has not been admitted, which places him under Section 1225, the statute authorizing his detention. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

## BACKGROUND

### I. Factual Background[3]

Petitioner is neither a citizen nor a national of the United States but is a citizen of Guatemala. (Doc. 6-1 at 1). He entered the United States at an unknown time and had a "prior encounter with Border Patrol" on December 29, 2023, in Arizona. *Id.* at 2. Petitioner was a passenger in a vehicle stopped for speeding. *Id.* Upon being "unable to establish lawful status to remain in the United States," Petitioner was taken into custody on August 25, 2026, and he is now in custody at the Ste. Genevieve County Detention Center awaiting removal proceedings. *Id.*; (Doc. 1 at 1). Respondents are government officials overseeing Petitioner's detention or who have "legal custody and authority over Petitioner's detention." (Doc. 1 at 3).

### II. Procedural Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on September 4, 2026. (Doc. 1). He asks the Court to: 1) assume jurisdiction over the matter; 2) order "respondents to show cause why the Writ of Habeas Corpus should not be granted"; 3) order "a hearing on the legality and necessity of Petitioner's continued detention"; 4) conduct "a prompt individualized custody determination"; and 5) order "Petitioner's release from custody . . . ." *Id.* at 5.

Because it plainly appears from the face of the Petition that Petitioner is not entitled to relief, the Court will deny Petitioner's application without issuing a show cause order to Respondent. *See* 28 U.S.C. § 2243; *Perez Rodriguez v. Warden*, No. 1:26-cv-149-ZMB, 2026 WL 1853286, at *1 (E.D. Mo. June 26, 2026) (dismissing immigration habeas petition without issuing

[3] The Court presumes that the facts alleged in the Petition and Respondents' Response are true for purposes of deciding the Petition.

show cause order to respondents when it "plainly appears that [petitioner] is not entitled to relief"); *see also* Rules Governing § 2254 and § 2255 Proceedings, Rules 1(b), 4.[4]

## DISCUSSION

### I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the financial affidavit, the Court has determined that Plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915. Thus, the Court will grant Petitioner's Motion for Leave to Proceed *in Forma Pauperis*.

### II. Motion to Appoint Next Friend

Federal Rule of Civil Procedure 17(c) allows the appointment of a next friend to protect the interests of an incompetent party. But because the Petition fails to state a claim, as discussed *infra*, the Motion to Appoint Next Friend is denied as moot.

### III. Petition for Writ of Habeas Corpus

Petitioner requests this Court grant relief based on Fifth Amendment Due Process grounds. (Doc. 1 at 4). Multiple times, this Court has analyzed such a claim and concluded that mandatory detention under 8 U.S.C. § 1225 does not violate due process. *See, e.g.*, *Negrete Ramirez v. Noem*, No. 1:25-CV-206-CMS, 2026 WL 251725, at *4–5 (E.D. Mo. Jan. 30, 2026); *Zhuang v. Bondi*, No. 1:25-CV-201-CMS, 2026 WL 352872, at *5 (E.D. Mo. Feb. 9, 2026); *Hanslick Moran v. Warden*, No. 1:26-CV-83-CMS, 2026 WL 1693766, at *1–2 (E.D. Mo. June 11, 2026) (finding that mandatory detention did not violate the due process rights of a petitioner with an asylum claim). Thus, it plainly appears from the face of the Petition that Respondent has not denied Petitioner due process by detaining him pending removal proceedings.

---

[4] Respondents nonetheless filed their Response to the Petition on September 15, 2026. (Doc. 6).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner's Motion for Appointment of Next Friend (Doc. 3) is **DENIED** as moot.

The Clerk of Court is directed to mail a copy of this order to Petitioner.

Dated this 15th day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE